IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE NAMBO, | ) |
|                Plaintiff, | ) |
|     v. | ) JURY TRIAL DEMANDED |
| ORKIN LLC, | ) |
|                Defendant. | ) |

## COMPLAINT

Plaintiff, JOSE NAMBO, through his attorney, Richard J. Gonzalez of Law Offices, Chicago-Kent College of Law, complains against Defendant, ORKIN LLC as follows:

## NATURE OF ACTION, JURISDICTION AND VENUE

1. This is an action for damages and equitable relief to redress the deprivation of rights secured to Plaintiff by virtue of the Family And Medical Leave Act of 1964, 29 U.S.C. § 2601 *et seq.* (the "FMLA") and Illinois law of retaliatory discharge.

2. Jurisdiction is specifically conferred on this Court by the provisions of the FMLA, 28 U.S.C. § 1221 and by this Court's jurisdiction over state law claims arising from a common nucleus of operative fact.

3. Venue is proper by virtue of 28 U.S.C. § 1391(b).

4. Plaintiff brings this action within the limitations period of 29 U.S.C. § 2601 *et seq.*

## PARTIES

5. Plaintiff was a full-time salaried employee of Defendant hired on or about April 28, 2017 whose employment was terminated by Defendant on or about December 14, 2018.

6. Defendant is and was at all relevant times a duly registered corporation doing business within the state of Illinois and an employer within the definition of the FMLA.

## FACTS

7. On or about April 28, 2017 Plaintiff commenced employment with Defendant as a Termite Technician.

8. Plaintiff at all times performed adequately and otherwise met Defendant's legitimate performance expectations.

9. On September 7, 2018 Plaintiff suffered a severe on-the-job injury.

10. On or about October 1, 2018 Plaintiff requested from his supervisor time away from work due to recurrent pain. Plaintiff's supervisor advised him that this was not a possibility and placed him on "suspended" status.

11. On October 5, 2018 Plaintiff was diagnosed with a fracture and herniated discs and continued to receive medical treatment. Plaintiff then filed a worker's compensation claim.

12. In December, Plaintiff was advised that his employment has been terminated.

13. Termination on the heels of a workplace injury and/or worker's compensation claim is unlawful in Illinois.

14. Having been employer by Defendant for at least one year, Plaintiff was entitled to leave under the FMLA with a guarantee that his job will remain when he is able to return.

## COUNT I
## VIOLATION OF FMLA: RETALIATION & INTERFERENCE

15. Plaintiff incorporates by reference paragraphs 1-14 as though fully set out herein.

16. Plaintiff's medical conditions sustained on the job constitute "serious health conditions" within the meaning of the FMLA. At the relevant times, Plaintiff was eligible for FMLA protection.

17. Defendant's termination of Plaintiff's employment constituted retaliation with and interference with his rights under the FMLA, a violation of its duties to reinstate Plaintiff to his prior or a comparable position.

18. The foregoing conduct constitutes willful violations of the FMLA in that, despite Plaintiff's entitlement to the FMLA, Defendant terminated Plaintiff for having requested time away and filing a worker's compensation claim.

19. As a proximate result of the foregoing facts, Plaintiff suffered loss of his job in addition to lost wages and benefits.

WHEREFORE, Plaintiff requests that this Court:

A. Enter judgment finding that Defendant retaliated against Plaintiff and interfered with Plaintiff's utilization of the FMLA

B. Reinstate Plaintiff to his previous position;

C. Award Plaintiff his lost wages, likely interim raises, value of lost benefits and other monetary losses caused by Defendant's unlawful termination of his employment;

D. Award Plaintiff an additional equal amount as liquidated damages;

E. Award Plaintiff reasonable attorney's fees and costs of this action; and

F. Such other relief as this Court deems just and appropriate.

## COUNT II
## STATE LAW RETALIATORY DISCHARGE

20. Plaintiff repeats and re-alleges Paragraphs 1-19 and incorporates same by reference herein.

21. In discharging Plaintiff because he filed a workers' compensation claim, Defendant violated Illinois law of retaliatory discharge.

22. In so doing, Defendant violated the law willfully and with malice.

23. As a proximate result of the foregoing facts, Plaintiff suffered loss of his job, lost wages and benefits, and pain and suffering in the nature of emotional distress.

WHEREFORE, Plaintiff requests that this Court:

A. Enter judgment finding that Defendant violated Illinois law of retaliatory discharge;

B. Reinstate Plaintiff to his previous position;

C. Award Plaintiff his lost wages, including likely interim raises, and value of lost benefits and other economic losses caused by Defendant's unlawful termination of his employment;

D. Award Plaintiff compensatory and punitive damages in an appropriate sum; and

E. Such other relief as this Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

JOSE NAMBO

By:   s:/ Richard J. Gonzalez  
          Richard J. Gonzalez

RICHARD J. GONZALEZ
Attorney for Plaintiff
LAW OFFICES
CHICAGO-KENT COLLEGE OF LAW
565 West Adams Street, Suite 600
Chicago, Illinois 60661
Tel.: (312) 906-5079
Fax: (312) 906-5299
rgonzale@kentlaw.edu
Attorney Number: 24155